## STALAK v INDUSTRIAL COMMISSION

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16363. Decided Nov 29, 1937

Bernstein & Bernstein, Cleveland, for plaintiff-appellee.

Herbert S. Duffy, Attorney General, Columbus, and Stephen M. Young, Cleveland, for defendant-appellant.

### OPINION

By LIEGHLEY, J.

Ignatz Stalak, forty-three years of age, employed about seventeen years by The Park Drop Forge Company received a traumatic injury on July 16, 1933, from some source which resulted in his death two days later. Plaintiff claims that his affliction was caused by being struck on the scrotum and groin by a crank shaft. The hospital record gives a pre-operative diagnosis as "traumatic hematcele."

The application for compensation recites that his injury was sustained in the manner above noted while performing his regular and customary duties as an employee.

Plaintiff, his widow, filed a death claim for compensation with the Industrial Commission. Her claim was denied. A petition was filed in the Common Pleas Court. The cause came on for trial, resulting in a judgment entitling her to participate in the compensation fund.

The defendant offered no evidence. The plaintiff produced witnesses who testified in a manner tending to establish her case to the following effect:

The decedent reported for work on July 18, 1933, at the usual time in comparatively good health. He performed his work in the usual way until about 9:30 A. M., when he suddenly became ill, and totally unable to do any work. He remained about the plant the balance of the day, attempting at one time to work for a few minutes but was unable to do so. He appeared to be in great pain during the entire day. When he arrived home at 4:30 P. M. he was in such physical condition and enduring such pain that a doctor was necessarily called. The plaintiff caused a neighbor to call the company doctor—one Dr. Harlor. When he arrived, said decedent was suffering intense pain, his scrotum enlarged with evidence of trauma. Decedent stated to him that he was struck in the scrotum by the end of a crank shaft, which statement was made in the presence of plaintiff and one other witness. The doctor prescribed hot applications and stated that he would return next morning and arrange for his hospitalization.

After Dr. Harlor left, the condition of decedent became so serious that a Dr. E. W. Peters was called who immediately removed him by ambulance to Glenville Hospital where an emergency operation was performed by Dr. Benardi. Dr. Harlor was present also.

All the doctors testified to objective symptoms and evidence of traumatic injury in the form of abrasion and contusion in the region of the scrotum and groin and that this condition was such that it may have been caused by being struck by a crank shaft. Dr. Benardi further testified that the injury was promptly followed by dis-

coloration and that decedent had a contused scrotum greatly enlarged and that it was his opinion that such injury was contributory to his acute death.

The defendant contends that the declarations of the defendant made to his wife and the doctors some time between seven and twelve hours after the alleged injury were incompetent. It is our opinion that these declarations of the extreme pain that he suffered and the manner and means whereby the decedent sustained the injury made so long after the alleged occurrence are inadmissible. So much time elapsed between the time of the injury and the time of the statements that the same lack spontaniety. That they were made to his attending physician makes no difference. Opportunity to make the same declaration to his fellow workmen was immediately present. These declarations should have been excluded and their admission was erroneous.

With these declarations excluded the inquiry is, whether or not there is other evidence to support the findings and judgment of the trial court,—a jury having been waived by consent of the parties.

Some six or more fellow workmen who were employed in and about the place of employment of decedent on the day in question, were called to testify and neither of them saw the decedent sustain an accidental injury. If the injury was sustained in the manner claimed by plaintiff, it occurred in an instant and might very well have happened without anyone looking in his direction at the moment. It is undisputed that decedent suddenly became violently ill and that he was in and about the plant the balance of the working day in a like condition incapable of performing his work. He did not utter any outcry nor communicate to or with any of his fellow workmen the nature, character or cause of his illness, but this is not unusual with a non-communicative person of foreign extraction. He went home at the close of the working day with his real condition concealed.

Some salient facts are undisputed. Decedent came to work in health—he did his work until 9:30 A. M., he suddenly became wholly incapacitated. He remained so throughout the day. Shortly after his arrival home the doctor found he had sustained a traumatic injury to the scrotum and groin. He died two days later as a result of affliction in that region and as a direct consequence of his trauma. The evidence excludes any other reasonable hypothesis of source of injury than that somehow while in the performance of his duties in the course of his employment he was thus and then injured.

These facts, with other facts in the record, present a case sustained by circumstantial evidence tending to establish that he received this traumetic injury about 9:30 A. M., while engaged in the performance of his regular and customary work at the plant. At least the trial court sitting as a jury might reasonably draw this inference. There is nothing presented to indicate that decedent might have received this from any other source. No claim that any fellow workman assaulted him or any other remote or probable source of injury. A jury sitting as trier of the facts might very reasonably say that this traumatic injury sustained by this decedent was probably inflicted at his work and while in the performance of his usual duties, in which event this court could not say that such finding was manifestly against the weight of the evidence. The facts of the case can be reconciled only upon this theory that what plaintiff claims probably occurred and they are irreconcilable upon any other theory.

It is our opinion that the probabilities are entirely with plaintiff and that she sustained her claim by a preponderance of the evidence. The judgment is affirmed. Exceptions.

LEVINE, PJ, concurs in judgment. TERRELL, J, dissents.