**McCOY, Plaintiff-Appellant, v. INDUSTRIAL COMMISSION, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 2047.   Decided November 16, 1950.

Drewey H. Wysong, Dayton, for plaintiff-appellant.
Hon. Herbert S. Duffy, Atty. Genl., T. Vincent Martin, Eagleton F. Dunn, Asst. Attys. Genl., Columbus, for defendant-appellee.

## OPINION

By THE COURT:

This action originated in the Court of Common Pleas for Montgomery County as an appeal from an order of the Industrial Commission denying compensation to the plaintiff who was the wife of the deceased.  The case came on for trial and at the close of all of the evidence the Court sustained the motion for a directed verdict in favor of the defendant and judgment was rendered thereon.

The errors assigned relate to the refusal of the Court to admit certain testimony.  The record discloses that the plaintiff offered testimony concerning declarations made by the decedent about the manner in which and where the injury occurred.  These statements were made to the plaintiff upon the decedent's return home in the evening and also to another witness several days later.  This testimony was properly rejected as not being a part of the res gestae, being merely the narration of a past transaction.  **Stough v. Industrial Commission, 142 Oh St 446; Stalak v. Industrial Commission, 26 Abs 305.**

It is further urged that the Court erred in refusing to admit into evidence certain alleged dying declarations relating to the injury. This evidence was also properly rejected by the trial court. **17 O. Jur. 309, Section 239; State v. Harper, 35 Oh St 78.**

We find no error in the record and find that the judgment is supported for the following reasons:

1. There is no testimony that the decedent worked at his place of employment at the time of his alleged injury.

2. No testimony in the record that the alleged employer regularly employed three or more persons making him amenable to the act.

3. There is no evidence in the record showing a causal relationship between the injury and death.

The judgment will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.